Donald Everett MORRIS, Appellant,

v.

The STATE of Texas, State.

No. 2-81-226-CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 10, 1982.

Discretionary Review Granted
Feb. 2, 1983.

Don Gladden, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Donald Everett Morris, was charged with rape of a child. V.T.C.A. Penal Code, § 21.09. Morris filed a special plea asserting the defense of former conviction as a bar to his prosecution. An evidentiary hearing was held and the trial court overruled Morris' motion. Morris was found guilty in a trial before the court, which assessed punishment at eight (8) years imprisonment. Morris contends that the conviction for rape of a child is invalid, because Morris had been placed in double jeopardy, in violation of the federal and state constitutions by virtue of his prior and final conviction of harboring a child, which prior conviction was based upon the same transaction made the basis of the instant case. Morris also contends that his actions formed a continuous transaction, and require application of the carving doctrine.

We affirm.

Texas has abandoned the carving doctrine. *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982). Morris was tried on April 6, 1981. *McWilliams,* which was decided May 12, 1982, clearly holds that the carving doctrine is not mandated by the double jeopardy clauses of either the federal or state constitutions; and that prior application of the doctrine was based solely upon tradition. The instant case gives rise to the issue of whether the *McWilliams* rule should be applied retroactively.

■ We hold that *Ex Parte McWilliams* is retroactive. The Court of Criminal Appeals in *McWilliams* held that the carving doctrine never had the force of law and overruled all prior cases which had held to the contrary. Therefore, we hold that the trial court was not bound by the carving doctrine in deciding the instant case; nor is this court bound by the carving doctrine on review.

Morris' single ground of error contends that his conviction for rape of a child is invalid because the appellant was placed in double jeopardy in violation of the federal and state constitutions by virtue of his prior and final conviction of harboring a child, which prior conviction was based upon the same transaction made the basis of the instant case.

At the hearing on the special plea in bar, Morris' counsel testified concerning the events and testimony in Morris' prior trial

for harboring a child. The basis for Morris' special plea in bar, and of his ground of error herein, is that when he had previously been convicted of harboring a child, the sentencing court took into consideration, and predicated its sentence upon, evidence relating to an allegation that Morris had engaged in sexual intercourse with a minor child.

The events made the basis for the allegations of harboring a child began when the complainant ran away from home on October 14, 1979 and remained with Morris. On February 12, 1980, a misdemeanor information was filed against Morris alleging that he had harbored a child on October 14, 1979. At the time of Morris' trial on the misdemeanor charge, on July 15, 1980, there were not any other cases pending against him. At that time, it was represented to Morris' counsel that Morris had engaged in sexual intercourse with the child. We have no record of the trial upon the harboring charge. However, the record in the instant case contains testimony of Morris' counsel (at both trials), Don Gladden, as to the events and testimony at the misdemeanor trial. The misdemeanor court was shown, by Gladden's testimony, to have inquired into this aspect of the transaction and to have asked for, and received from the prosecution, a statement of the complainant relating the facts surrounding the harboring of the girl, and further stating that Morris had engaged in sexual intercourse with her. Gladden further testified, however, that he made no objection at the plea to the misdemeanor charge about the statement concerning sexual intercourse having come before the court. According to Gladden's testimony at the hearing upon Morris' special plea in bar, the preceding court had reviewed both statements and had chastised Morris about his conduct. Morris urges that the preceding court had assessed a sentence predicated upon all the evidence presented relative to the entire sequence of events involved in the transaction. This included the evidence regarding the sexual activity which became the basis for the charge against Morris in the instant case; i.e., rape of a child.

*Ex Parte McWilliams, supra,* at 824, stated:

"We will now decide double jeopardy questions under the strict construction of the Constitutions of the United States and of this State. The prohibitions against being twice put in jeopardy for the same offense requires a test for defining the 'same offense'. The Supreme Court of the United States has provided such a test:

'[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the *test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'*

*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ... The *Blockburger test is satisfied if each statutory offense requires the proof of a fact that the other does not. At trial there may be a substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test.* Brown v. Alabama,* 619 F.2d 376 (5th Cir.1980)." [Emphasis added.]

See also *Ex Parte Joseph,* 558 S.W.2d 891 (Tex.Cr.App.1977).

█ The offense of harboring a runaway child under V.T.C.A. Penal Code, § 25.07 and the offense of rape of a child under V.T.C.A. Penal Code, § 21.09 each requires proof of an additional fact that the other does not. Section 25.07 requires proof of harboring the child while being criminally negligent about the matters set out in subsection (a)(1) and (2); but such proof is not required under § 21.09. On the other hand, § 21.09 requires proof of an act of sexual intercourse; but such proof is not required under § 25.07.

In addressing the double jeopardy issue, we find it appropriate to borrow a phrase from Mr. Justice Grier in *Moore v. The People of the State of Illinois,* 14 How. 13, 19, 14 L.Ed. 306 (1852):

"Yet it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other . . ."

The *Blockburger* rule will not preclude two convictions here; each statute requires proof of a fact which the other does not.

Morris argues in his brief that the trial court in the harboring case heard and considered evidence that Morris and the child had engaged in sexual intercourse in assessing punishment. Morris contends that since the court in the harboring case had considered the sexual intercourse between Morris and the child in assessing punishment, that an issue of ultimate fact had been determined by a valid and final judgment and could not again be tried, according to the doctrine of collateral estoppel.

■ " 'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States v. Oppenheimer*, 242 U.S. 85 [37 S.Ct. 68, 61 L.Ed. 161]." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

■ There is no record before us of the proceedings of the harboring trial. Nor do we have before us findings of fact by the trial judge therein. Morris' counsel did not raise or attempt to comply with V.T.C.A. Penal Code, § 12.45, relating to the admission of an unadjudicated offense, at the time Morris pled guilty to the harboring charge; nor did Morris' counsel object, at the hearing on Morris' plea of guilty to the harboring charge, to the court's hearing the child witness' written statement (which included the admission that she and Morris had engaged in sexual intercourse). Trial having been before the court, we presume that the court properly disregarded this evidence both when it convicted Morris of harboring a child, and when it assessed punishment.

In any event, Morris' assertion that the doctrine of collateral estoppel applies is overruled.

"In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969), the doctrine of collateral estoppel was embodied within the double jeopardy provisions of the Fifth Amendment and thereby barred relitigation of an ultimate fact issue which had been determined by a valid and final judgment. However, the *doctrine of collateral estoppel is limited to situations where the prior final judgment resulted in an acquittal. In Joshlin v. State*, Tex.Cr.App., 488 S.W.2d 773, 775 (1972), we stated:

'Without deciding what single conceivable rational issue was decided in the prior conviction, *this Court has never considered the applicability of the doctrine of collateral estoppel where the prior trial has resulted in a conviction rather than an acquittal. See Bradley v. State*, 478 S.W.2d 527 (Tex.Cr.App. 1972).' " [Emphasis added.]

*Lamberson v. State*, 509 S.W.2d 328, 329 (Tex.Cr.App.1974).

We affirm.