**Ex parte Ray Charles SMITH.**

**No. 01–83–0859–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1987.

Sylvia Mandel, Staff Counsel of Inmates, Huntsville, Nancy Delong, Corpus Christi, for appellant.

Frank Blazek, Walker County Dist. Atty., Huntsville, for appellee.

Before SAM BASS, WARREN and COHEN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the denial of relief in a pretrial writ of habeas corpus proceeding based on constitutional jeopardy claims.

In trial court cause no. 12,934, appellant was indicted for aggravated kidnapping with intent to sexually abuse the victim. The indictment alleged in pertinent part that:

on or about the 27th day of November, 1982 ... [Ray Charles Smith] did then and there intentionally and knowingly abduct [C.W.W.] *without her consent* by intentionally and knowingly using and threatening to use deadly force on [C.W.W.] and with intent to prevent the liberation of said [C.W.W.] and *with intent to abuse her sexually....* [Emphasis added.]

The jury found appellant guilty of the lesser offense of kidnapping, and found the enhancement paragraphs true. The trial court assessed punishment at confinement for life.

A second, pending indictment, in cause no. 12,933, charges appellant with rape of the kidnapping victim, on the same day and in the same county. The indictment for rape in pertinent part reads:

On or about the 27th day of November, 1982 ... [Ray Charles Smith] did then and there intentionally and knowingly *by threats and force and without her consent,* have sexual intercourse with [C.W. W.], a female who was not his wife, and did then and there knowingly and intentionally compel said [C.W.W.] to participate by force that overcame such ear-

nest resistance as might reasonably be expected under the circumstances.... [Emphasis added.]

By application for pre-conviction writ of habeas corpus, appellant claims that a trial on the second indictment violates the double jeopardy/collateral estoppel prohibition of the Fifth Amendment of the United States Constitution and Article I, section 14 of the Texas Constitution. The district court denied relief.

The Fifth Amendment provides:

nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb....

Article 1, sec. 14 provides:

No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

A review of the evidence presented at the kidnapping trial (cause no. 12,934) is necessary to the resolution of appellant's contentions.

The State's evidence showed that the complainant, a female, was the neighbor of Mr. and Mrs. Thomas Epps, the parents of a child known to the complainant. On the evening of the incident, the complainant saw Mr. Epps at the saloon where she worked. After getting off work, she met and drank with Mr. Epps at another saloon and later spent some time alone with him in her car at "Inspiration Point," in Huntsville. When the two discovered that the complainant's car was stuck in mud, they decided to walk home. At about 1:00–1:30 a.m., when they were about six blocks from the street on which they both lived, they separated in order to avoid being seen by Mrs. Epps.

The complainant testified that, because it was cold and nasty outside, she accepted a ride home from the appellant, and his companion, Harry Thomas, shortly after leaving Epps. She testified that, instead of dropping her at her home, the appellant drove past it, telling her that he had to get gasoline for his car. But instead of

stopping for gasoline, the two men took the complainant to an isolated location.

According to the complainant, when she attempted to get out of the vehicle, the appellant told her to shut the door and that he had a "35"; however, she never saw a gun. Sometime later, when appellant stopped his car on a side road, the complainant told him that she was going to walk home, and she got out of the car. She testified that the appellant followed her out, took her by her arm, and told her to get in the car and take her pants off. She stated that she didn't fight or argue with the appellant, but "resigned" herself to what was going to happen. She told the jury that she got back into the car, and that the appellant then ordered her to have oral sex with him. She said she was numb and in a dreamlike state, and that she did as she was ordered. The appellant then had sexual intercourse with her. She testified that Thomas abused her in the same manner after the appellant had finished. She also told the jury that she pretended to enjoy sex with both the men.

The complainant told the jury that she gave Thomas a woman's name and phone number and arranged to have the appellant drop Thomas off before he took her home. She testified that she told the appellant that Epps' apartment was hers, so that she could get away safely. The complainant went to the Epps' apartment, where she told the Eppses that the man outside had just raped her. Epps then confronted the appellant, who had been waiting outside the apartment, and told him to leave, which he did.

Thomas testified for the State. He told the jury that the complainant was crying and trying to leave the vehicle when the appellant told her he had a ".357." He also told the jury that the appellant followed her when she left the car, and that she then returned to the car and took her clothes off. He testified that she performed oral sex on the appellant and on him, and that she appeared to be enjoying herself. She also asked both men to return home with her.

In pertinent part, the court charged the jury as follows:

A person commits the offense of kidnapping if he intentionally or knowingly abducts another person.

If the kidnapping is committed with the intent to abuse one sexually, the offense is aggravated kidnapping....

A person commits sexual abuse if *without the other person's consent* and with intent to arouse or gratify the sexual desire of any person there is caused to be contact between the genitals of one person and the mouth of another person....

Now if you find from the evidence beyond a reasonable doubt that on or about the 27th day of November, 1982, in Walker County, Texas ... RAY CHARLES SMITH, did then and there intentionally or knowingly by means of force or intimidation directed and used against [C.W.W.], restrict [C.W.W.'s] movements so as to interfere substantially with her liberty by moving her from one place to another or by confining her, and with intent to prevent the liberation of the said [C.W.W.] by threatening to use deadly force against [C.W.W.] and with intent to abuse her sexually and [CHARLES RAY SMITH] did voluntarily release [C.W.W.] alive and in a safe place, then you will find the defendant guilty of aggravated kidnapping.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of aggravated kidnapping....

[I]f you have a reasonable doubt thereof, then you should acquit the Defendant of aggravated kidnapping and consider whether he is guilty of the lesser offense of kidnapping.

If you should find from the evidence beyond a reasonable doubt that at the time and place aforesaid the Defendant did intentionally or knowingly by means of force or intimidation directed and used against [C.W.W.], restrict [C.W.W.'s] movements so as to interfere substantially with her liberty by moving her from one place to another or by confining her, and with intent to prevent the liberation

of the said [C.W.W.] by threatening to use deadly force against [C.W.W.] and the Defendant did voluntarily release [C.W.W.] alive and in a safe place, then you will find the Defendant guilty of kidnapping.... [Emphasis added.]

Based on this charge, and on these facts, the jury acquitted appellant of aggravated kidnapping and found him guilty of kidnapping. The State now intends to prosecute appellant for aggravated rape using the same evidence.

■■■■ Collateral estoppel, as embodied in the Fifth Amendment guarantee against double jeopardy, means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). The doctrine is not to be applied hypertechnically, but requires a reviewing court to examine the record to determine whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. *Id.* 397 U.S. at 444, 90 S.Ct. at 1194. Double jeopardy prohibits the subsequent prosecution of the crime itself, whereas collateral estoppel simply prohibits the government from relitigating certain facts in order to establish the crime. *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex.Crim.App.1981). This constitutional guarantee applies irrespective of whether the jury considered all of the relevant evidence, and irrespective of the good faith of the State in bringing successive prosecutions. *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971).

■■ It does not matter whether the offenses of aggravated kidnapping (with the intent to sexually abuse) and rape include different elements under the test involved in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), so long as the aggravated kidnapping and rape charges arose out of the same set of facts and circumstances, and were so closely entwined as to virtually constitute one act by the accused. *Turner v. Arkansas*,

407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972); *compare Douthit v. Estelle*, 540 F.2d 800 (5th Cir.1976) (where there was a series of assaults and sexual encounters occurring in three different counties over a 22 hour period, it was held that a finding of consent as to one did not preclude a finding of no consent to another that was separate in point of fact, being removed by considerable time, distance and circumstances).

The State hypothesizes that the jury might have believed that:

1) appellant kidnapped the complainant with the intent to rape her and not sexually abuse her, and therefore acquitted appellant under the charge given; or

2) appellant kidnapped the complainant and then later formed the intent to sexually assault her.

The first theory ignores the totality of the evidence, and is, therefore, distinguishable from the circumstances in *United States v. Smith*, 470 F.2d 1299 (5th Cir. 1973), *cert. denied*, 411 U.S. 952, 93 S.Ct. 1929, 36 L.Ed.2d 415 (1973), which held that a conviction for forgery by endorsing with the intent to defraud, could be obtained after an acquittal for forgery by uttering the same check. In that cause, the evidence at the first trial revealed that the teller could not identify the accused as the person who uttered the check. On appeal, the Fifth Circuit concluded that the jury could have acquitted the defendant because it had a reasonable doubt that he had uttered the check; and it affirmed the second conviction, concluding that the first jury had not necessarily found that the defendant did not forge the check.

The instant facts are more like those in *Green v. Estelle*, 601 F.2d 877 (5th Cir. 1979). There, the petitioner-defendant ("defendant") and another person had kidnapped two boys and locked them in the trunk of a car. The defendant's companion then fired a volley of pistol shots into the trunk, killing the two boys. Although he was charged with murder with malice, a jury found the defendant guilty of murdering the first boy without malice. After his plea of collateral estoppel was overruled by the state trial court, the defendant entered

a plea of guilty to murdering of the second boy, with malice. The Fifth Circuit upheld the United States District Court's decision granting post-conviction habeas corpus relief, finding that the issue of malice had been conclusively determined against the State in the trial for the murder of the first boy.

The State's second theory has no basis in law. The jury could not have acquitted appellant of aggravated kidnapping because it believed that appellant kidnapped the complainant and later formed the intent to sexually abuse and rape her; if he ever had that intent, appellant was kidnapping the complainant at the same time. Under the charge given, appellant would have been guilty of aggravated kidnapping. *Weaver v. State*, 657 S.W.2d 148 (Tex.Crim. App.1983).

In the instant cause, all of the evidence at the kidnapping trial showed that both the appellant and Thomas intended to, and did in fact, have oral sex and sexual intercourse with the complainant. The only issue was consent, and the jury, by its verdict, necessarily found that she had consented. *Compare Johnson v. Estelle*, 506 F.2d 347 (5th Cir.1975) (Where one jury acquitted Jones of burglary with intent to rape and the only possible issues were identity or intent, Jones could not be tried again for assault with intent to rape.). The State is collaterally estopped from attempting to prove lack of consent at a second trial.

Appellant's point of error is sustained. The prosecution in cause no. 12,933, is dismissed.