**Ex parte Archie B. PETERSON.**

**No. 886–85.**

Court of Criminal Appeals of Texas.

Oct. 21, 1987.

---

Wesley G. Hocker, Janet Seymour Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson and William Delmore, III, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Julie B. Pollock, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

This is a pretrial habeas proceeding in which appellant contends that a pending involuntary manslaughter prosecution must be dismissed because he has been convicted of driving while intoxicated arising out of the same automobile accident. The trial court denied relief. In an unpublished opinion, the First Court of Appeals noted that appellant's writ and appeal were proper under *Ex Parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982) but affirmed the trial court's denial of relief. We granted appellant's petition for discretionary review in which he contends the offense of driving while intoxicated is a lesser included offense of involuntary manslaughter and, therefore, double jeopardy principles bar his subsequent prosecution for involuntary manslaughter.

The Court of Appeals applied the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and found that involuntary manslaughter under V.T.C.A. Penal Code, § 19.05(a)(2) requires the element of causing the death of an individual, while the offense of driving while intoxicated under V.A.C.S. Art. 6701*l*-1(b) does not; and that driving while intoxicated requires proof that the accused operated a motor vehicle "upon a public road or highway," while involuntary manslaughter does not. The appeals court concluded that each offense requires proof of an element which the other does not and

thus, appellant's double jeopardy claim fails. We will reverse the judgment of the Court of Appeals below.

■ The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This constitutional guarantee is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (a) "it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Because appellant contends that his former conviction for driving while intoxicated bars his involuntary manslaughter prosecution, we focus upon the second of these three guarantees in the instant case. The question we must decide is whether the offense of driving while intoxicated is the "same offense" for double jeopardy purposes as the involuntary manslaughter charge brought against appellant.

In *Brown v. Ohio*, supra, the Supreme Court restated the principal test gleaned from *Blockburger*, supra, for determining whether two offenses are the same for purposes of barring successive prosecutions:

"[T]he applicable rule is that when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" 432 U.S. at 166, 97 S.Ct. at 2225.

The *Brown* court was mindful that the *Blockburger* test "is not the only standard for determining whether successive prosecutions impermissibly involve the same offense." Id. at 166, footnote 6, 97 S.Ct. at 2226, footnote 6. Even if comparison of the elements of proof reveals statutes sufficiently different to permit imposition of consecutive sentences, "successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." Id. at 166–167, footnote 6, 97 S.Ct. at 2225–2226, footnote 6; citing for support *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889).

In both *Ashe* and *Nielsen* the *Brown* court noted that a narrow application of *Blockburger* would have permitted imposition of consecutive sentences but that additional protections after construing the particular statutes via *Blockburger* kept those defendants from having to "run the gauntlet a second time." *Ashe*, supra, 397 U.S. at 446, 90 S.Ct. at 1195, quoting from *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

In the present case, we are not faced with application of the additional protections of collateral estoppel, as in *Ashe*, supra; rather, the present case most resembles the situation in *Vitale*, supra, and is the inverse fact situation as that found in our own recent case of *May v. State*, 726 S.W.2d 573 (Tex.Cr.App.1987)

John Vitale, a juvenile, was the driver of a car which struck two children. One child died almost immediately; the other succumbed the following day. Vitale was issued a traffic citation for failure to reduce speed to avoid an accident, a violation of Illinois statutory law.

After pleading not guilty to the misdemeanor charge, Vitale was found guilty by the court and sentenced to pay a $15.00 fine. The next day Vitale was charged with two counts of involuntary manslaughter in a petition by the State for adjudication of wardship. The State's highest court ultimately held that "the lesser offense, failing to reduce speed, requires no proof beyond that which is necessary for conviction of the greater, involuntary manslaughter, ... for purposes of the double jeopardy clause, the greater offense is by definition the 'same' as the lesser included offense within it." *In re Vitale*, 71 Ill.2d 229, 16 Ill.Dec. 456, 375 N.E.2d 87 (1978). Thus, the court concluded that Vitale's manslaughter prosecution was barred by the Double Jeopardy Clause. The Supreme Court remanded the case for a determination by the Illinois Supreme Court whether "careless failure to slow" is always a necessary element of manslaughter or whether the State, in order to sustain its case, would find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure. In either case, the two offenses, though distinct, would be the "same offense" for purposes of double jeopardy.

Very recently, in *May v. State*, supra, we faced a situation inverse to the one at hand. There applicant May contended that a pending DWI charge was barred because of an involuntary manslaughter conviction arising out of the same automobile accident.

We initially determined that in comparing two separate statutes, simple prescription of an additional element in each statute per *Blockburger*, supra, did not automatically prevent a double jeopardy bar. Next, we compared the charging instruments in both causes and concluded that "[T]he record clearly shows that the State will rely on and seek to prove in the DWI case the same act of driving while intoxicated on public roadway as 'the reckless act necessary to prove [involuntary] manslaughter.'" *May v. State*, supra, citing *Vitale*, supra, 447 U.S. at 421, 100 S.Ct. at 2267.

Since the record in the case demonstrated (1) that Wanda May had been convicted of a crime which had several elements or various incidents in it, see *In re Nielsen*, supra, and (2) that May was then presently facing trial on a lesser charge consisting solely of one or more of the elements of the crime for which she had been convicted, this Court found that double jeopardy con-

siderations barred trial on the lesser offense of DWI and granted relief.

In the case at bar, applicant pled guilty to and was convicted of DWI, after which he was charged with the offense of involuntary manslaughter. Each offense may require proof of fact the other does not, to wit: involuntary manslaughter, recklessness of defendant causing death of an individual; DWI, operating a motor vehicle upon a public roadway while under the influence. See *May*, supra. In the abstract, then, the two offenses are distinct and separate. We now turn our attention to the record at hand and compare the offenses as viewed in the context of this particular case.

The DWI information alleged in part that in Harris County appellant did:

> while intoxicated, namely, not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place.

The indictment for involuntary manslaughter alleges in part that appellant:

> did then and there unlawfully, while operating a motor vehicle, did cause his vehicle to collide with another vehicle, recklessly causing the death of (victim) a passenger in the other vehicle, by failing to stop his vehicle as required by law at a red light being displayed by a duly and legally authorized and existing red light traffic control device legally placed and located at the intersection of the South Loop West Service Road and Fannin;
>
> ... and by driving and operating a motor vehicle in a public place while intoxicated.

Comparison of the two charging instruments, the judgment of conviction for DWI and the various arguments raised by the parties demonstrates that the allegations in the information required proof of a factual incident—driving upon a public roadway while intoxicated—that is also alleged in the § 19.05, supra indictment. That indictment clearly shows that the State will rely on and seek to prove in the involuntary manslaughter case the same "reckless act" of driving while intoxicated that was necessary to prove the lesser DWI charge.

Therefore, the record before us demonstrates that appellant has been convicted of DWI, a lesser offense of involuntary manslaughter in this instance, both requiring proof of applicant's driving while intoxicated on a public road. Given the record before us, it is clear that the State intends to relitigate the issue of driving while intoxicated. This it cannot do. *May v. State*, supra. It is clear from the record that the State, at least under the present indictment, will find it necessary to prove that appellant was driving in an intoxicated condition or to rely on conduct necessarily involving that conviction. Because appellant has already been convicted for conduct that is here shown to be a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy is substantial under *Vitale* and *Brown*, supra. See alse *Harris*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

In following *Vitale* and *May*, both supra, we utilize analysis proper under a case where greater and lesser distinct and separate offenses are involved, and do not touch upon the propriety of double jeopardy analysis involving criminal conduct violating one distinct statute twice. See and cf. *Ex Parte Rathmell*, 717 S.W.2d 33 (Tex. Cr.App.1986).

Taking into consideration the multiple manner and means alleged to commit the offense in the present indictment, we make an analogous observation to that made by the Supreme Court in *Brown*, supra. If the State is able to prove involuntary manslaughter, without also proving that appellant was DWI, a successive prosecution would not be for the "same offense" within the meaning of the Double Jeopardy Clause.

Finding the present indictment as worded places appellant in jeopardy for the same offense, see *Vitale*, supra, appellant is entitled to the relief prayed for. The judgment of the Houston Court of Appeals is reversed and relief is granted. The indictment charging appellant with involun-

tary manslaughter in Cause No. 403,732 is ordered dismissed.

ONION, P.J., not participating.