**Ex parte John Joseph McCULLOUGH, Applicant.**

**No. 01–87–00589–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1988.
Discretionary Review Refused
May 4, 1988.

Gerald E. Bourque, Houston, for appellant.

John B. Holmes, Dist. Atty., for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is a pretrial habeas corpus proceeding. Appellant brings one point of error contending that his pending driving while intoxicated ("D.W.I.") prosecution is barred by double jeopardy because he was previously convicted for failing to stop and render aid ("F.S.R.A."), an offense arising out of the same automobile accident as the D.W.I. prosecution. The trial court denied relief. We affirm.

The indictment from the previous conviction alleges that on March 21, 1986 in Harris County, Texas appellant:

while driving and operating a motor vehicle upon a public highway, injure[d] Janet Holmes, hereafter styled the Complainant, by causing his vehicle to collide with a motor vehicle occupied by the Complainant, and the Defendant intentionally and knowingly failed to stop and render to the complainant reasonable assistance, for which there was an apparent need, by failing to take, and make arrangements for taking, the complainant to a physician and hospital for medical and surgical treatment.

The information in the pending D.W.I. case alleges that on March 21, 1986 in Harris County, Texas appellant:

while intoxicated, namely, not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, dr[o]ve and operate[d] a motor vehicle in a public place.

The evidence, when viewed in favor of the trial court's finding, shows that on March 21, 1986, appellant, while driving an automobile, collided with another vehicle and drove away from the scene of the accident. At trial of the failure to stop and render aid case, the State contended that appellant intentionally left the scene of the accident because he did not want the police to discover that he was intoxicated. Appellant contended that he had received a se-vere blow to his head in the accident, which rendered him incapable of making a conscious decision to leave the scene of the accident.

At trial, the State produced much testimony showing that appellant was intoxicated, including a videotape taken after he was apprehended. The prosecutor's jury argument emphasized appellant's intoxication and attributed appellant's failure to stop to his desire to avoid being charged with driving while intoxicated.

Appellant initially relies on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Green v. Estelle*, 601 F.2d 877 (5th Cir.1979); *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987); and *Ex parte Smith*, 731 S.W.2d 632, 635 (Tex. App.—Houston [1st Dist.] 1987, no pet.), to support his contention that because intoxication was proved or attempted to be proved in the F.S.R.A. case, it would bar his prosecution for D.W.I. We disagree. Each of the above cases stands for the proposition that in some cases a second prosecution will be barred when it requires the relitigation of ultimate issues already resolved by the first case. In *May v. State*, the court held that a defendant convicted of involuntary manslaughter arising from an automobile accident could not subsequently be prosecuted for DWI, when the manslaughter indictment alleged that appellant, while intoxicated, drove an automobile, and collided with another vehicle, causing the death of one in the other vehicle. 726 S.W.2d at 576–77.

*Ashe v. Swenson*, held that a defendant, who allegedly robbed six persons playing poker, could not be tried for the robbery of the other five after a jury in a first trial had found (impliedly) that he was not the person who had robbed the complainant in the first case. 397 U.S. at 446, 90 S.Ct. at 1195. In *Green v. Estelle*, the defendant locked two young boys in a car trunk and an accomplice, in Greens presence, opened the trunk and shot both boys to death. At the first trial, the jury found Green guilty of murder without malice. The State of Texas then tried Green for the murder with malice of the second boy. The court held

that because the two killings involved the same transaction, the jury, by finding appellant guilty of murder without malice, had absolved Green of that higher degree of culpability and that this finding collaterally estopped the State from trying Green for murder with malice of the second boy. 601 F.2d at 879.

In *Ex parte Smith,* this Court held that because Smith, who allegedly kidnapped and raped the complainant, was found guilty in a first trial of kidnapping rather than aggravated kidnapping, he could not be subsequently tried for rape because the jury had absolved Smith from rape in the first trial, where the indictment had alleged aggravated kidnapping with intent to sexually abuse the victim. 731 S.W.2d at 635.

In our case, a jury neither absolved nor convicted appellant of any ultimate issue in the F.S.R.A. case that also would be an ultimate issue in the second case.

In *Morris v. State,* 642 S.W.2d 87 (Tex. App.—Fort Worth 1982, no writ), a case quite analogous to ours, the court held that even though the judge in the first trial of a defendant charged with harboring a runaway child, heard evidence that the defendant had sexual relations with the child and took that into consideration when sentencing the defendant, neither jeopardy nor collateral estoppel prevented the State from subsequently prosecuting appellant for rape of a child.

█ Collateral estoppel applies only when a defendant is acquitted of an ultimate fact issue in a prior trial; it does not apply where the prior trial resulted in a conviction rather than an acquittal. *Bradley v. State,* 478 S.W.2d 527, 529 (Tex.Crim. App.1972); *Joshlin v. State,* 488 S.W.2d 773, 776 (Tex.Crim.App.1972); *Morris v. State,* 642 S.W.2d at 89.

In a recent case, the court of criminal appeals stated the present double jeopardy prohibition as: (a) protecting against a second prosecution for the same offense after acquittal, (b) protecting against a second prosecution for the same offense after conviction, and (c) protecting against multiple punishments for the same offense. *Ex*

*parte Peterson,* 738 S.W.2d 688 (Tex.Crim. App.1987).

In that case, the court held that where the defendant had been convicted for driving while intoxicated, arising out of the same accident wherein the State also sought a conviction for involuntary manslaughter, the State was precluded by double jeopardy from trying the defendant for the second offense because under the indictment for involuntary manslaughter, in the second case, it necessarily would have to prove that appellant was intoxicated. 738 S.W.2d at 688–689

█ In our case, the State is not required to prove any ultimate issue in its DWI case that it was necessarily required to prove in the F.S.R.A. case. The fact that in the F.S.R.A. trial appellant was shown to be intoxicated when he drove his car into another car and left the scene of the accident does not preclude the State from subsequently trying its DWI case any more than it would have had the first offense been murder with the evidence showing that appellant was intoxicated when he committed the act. The offenses contain no common element required for conviction. In *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the United States Supreme Court considered a double jeopardy plea where the appellant had been found guilty of the misdemeanor charge of failure to reduce speed. Subsequently, Illinois charged the appellant with involuntary manslaughter by failing to reduce speed. The United States Supreme Court returned the case to the State court for a determination of whether failure to reduce speed was always a necessary element of manslaughter, implying that if there was another element of negligence that could be alleged and proved, the State could reindict using the other element, but not reuse the failure to reduce speed element.

█ We have found no case that holds that presenting proof of conduct which is not an essential element of the offense charged would preclude the prosecution of the same conduct on the trial of an offense

for which the conduct is an essential element.

The judgment of the trial court is affirmed.