NUMBER 13-02-298-CR
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ROBERT LEE ORTEGA,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Refugio County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez and Garza
Opinion by Justice Garza
 
After a trial in Refugio County, a jury convicted appellant, Robert Lee Ortega, of
assault on a peace officer and sentenced him, as a habitual criminal, to seventy-five years
imprisonment. Appellant challenges his conviction by five issues. Because we conclude
that resisting arrest and assault on a peace officer are the “same offense” for double
jeopardy purposes in this case and because we find that appellant has already been tried
and convicted for resisting arrest, we reverse the judgment of the trial court and order a
judgment of acquittal on the assault charge. 
I. Background
On November 3, 2000, Officer Doug Carter of the Woodsboro Police Department
attempted to stop appellant’s automobile after he witnessed appellant make several illegal
turns. Appellant did not pull over and instead drove to his mother’s house. When
appellant finally stopped his vehicle, both he and Officer Carter exited their cars, at which
point, Officer Carter drew his Sig Sauer .45 caliber semi-automatic handgun and ordered
him to the ground. Appellant refused to comply. He shouted obscenities to the officer,
including a vulgarly-couched demand that the officer produce a warrant for his arrest. 
Despite appellant’s agitated state and obvious disrespect for police authority, Officer
Carter holstered his weapon and proceeded to force appellant into physical submission
using his 325-pound, five-foot eleven-inch physique. Officer Carter laid both hands on
appellant, a man of 180 pounds, standing five feet and six inches tall, and was attempting
to restrain him with handcuffs when appellant got his arms loose and apparently struck
Officer Carter several times in a struggle to free himself. Officer Carter then shoved
appellant, who, in the officer’s words, “flew into a [nearby] mobile home.” At this point,
Officer Carter was reinforced by Deputy Mitch Horner, who forced appellant against the
side of the trailer using what he described as a “half Nelson” maneuver. With the help of
a third agent, Officer Merritt of the Refugio Police Department, the peace officers
successfully restrained appellant and after some talk of pepper spray, convinced him to get
into one of their squad cars. Following the incident, Officer Carter was examined by
medical professionals at a nearby hospital and told to take a Tylenol. 
On November 28, 2000, appellant was charged, by information, with driving with a
suspended license, evading arrest, and resisting arrest. On December 27, 2000, following
pleas of nolo contendere, judgments of guilt were entered on all three charges. On
January 19, 2001, the State filed an indictment charging appellant with assault on a peace
officer based on the events of November 3, 2000. Before trial, appellant raised a double
jeopardy objection to the State’s case. The trial court overruled the objection, and
appellant was tried before a jury and convicted.
II. AnalysisIn his first issue, appellant claims that the trial court erred by denying his double
jeopardy objection. The double jeopardy clause embodies three essential guarantees: (1)
it protects against a second prosecution for the same offense after acquittal; (2) it protects
against a second prosecution for the same offense after conviction; and (3) it protects
against multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415
(1980); Ex parte Broxton, 888 S.W.2d 23, 25 (Tex. Crim. App. 1994); Ex parte Kelley, 89
S.W.3d 213, 214 (Tex. App.–Corpus Christi 2002, no pet.). Each guarantee applies only
in cases involving the “same offense.” The “same elements” test, or Blockburger test, is
used to determine whether two offenses constitute the “same offense” for double jeopardy
purposes. Blockburger v. United States, 284 U.S. 299, 304 (1932); Ex parte Broxton, 888
S.W.2d at 25. Under Blockburger, “where the same act or transaction constitutes a
violation of two distinct statutory provisions, the test to be applied to determine whether
there are two offenses or only one, is whether each provision requires proof of an
additional fact which the other does not.” Blockburger, 284 U.S. at 304; Ex parte Broxton,
888 S.W.2d at 25.
Appellant argues that resisting arrest is a lesser-included offense of assault on a
peace officer and that for double jeopardy purposes, the two offenses are really the same. 
According to appellant, the State violated his Fifth Amendment freedom from a second
prosecution for the same offense after conviction when it tried and convicted him on the
charge of assault on a peace officer following his conviction for resisting arrest. We begin
by determining whether resisting arrest is a lesser-included offense of assault on a peace
officer. The Court of Criminal Appeals has noted that:
[T]he essential rule for determining whether different statutes proscribe the
same offense so as to bar successive prosecution remains uncertain . . . .
The only proposition upon which everyone seems to agree is that greater
inclusive and lesser included offenses are the same for jeopardy purposes. 
But, determining whether two offenses stand in such a relationship is still a
controversial undertaking. 
 
Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (citations omitted); see also
Honeycutt v. State, 82 S.W.3d 545, 547 (Tex. App.–San Antonio 2002, pet. ref’d)
(“Greater-inclusive and lesser-included offenses are the same for jeopardy purposes.”);
Hernandez v. State, 28 S.W.3d 660, 670 (Tex. App.–Corpus Christi 2000, pet. ref’d)
(same). 
          By statute, an offense is a lesser included offense, among other things, if it is
established by proof of the same or less than all the facts required to establish the
commission of the offense charged. Tex. Crim. Proc. Code Ann. art. 37.09(1) (Vernon
1981). In double jeopardy scenarios, however, it is not enough merely to compare
statutory elements. See State v. Houth, 845 S.W.2d 853, 869 (Tex. Crim. App. 1992)
(Benavides, J., concurring) (“[S]tatutory offenses which seem different in the abstract may
prove to be the same in light of the factual context in which they arise.”); see also Parrish,
869 S.W.2d at 354 (“Our statute law thus describes includedness in much the same way
Blockburger describes sameness. Yet we have long considered more than merely
statutory elements to be relevant in this connection.”) (citations omitted). In applying the
Blockburger or “same elements” test, the essential elements relevant to a double jeopardy
argument based on successive prosecution are those of the charging instrument, not of
the penal statute itself. State v. Perez, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997); see
also Parrish, 869 S.W.2d at 354; Lewis v. State, 88 S.W.3d 383, 386 (Tex. App.–Fort
Worth 2002, pet. ref’d); Ex parte Pool, 71 S.W.3d 462, 466 (Tex. App.–Tyler 2002, no
pet.); Elliot v. State, 976 S.W.2d 355, 359 n.8 (Tex. App.–Austin 1998, pet. ref’d). 
Although statutory elements will always make up a part of the accusatory pleading,
additional non-statutory allegations are necessary in every case to specify the unique
offense with which the defendant is charged. Parrish, 869 S.W.2d at 354; see also Ex
parte Garza, 115 S.W.3d 123, 124-25 (Tex. App.–Texarkana 2003, no pet.); Roy v. State,
76 S.W.3d 87, 98 (Tex. App.–Houston [14th Dist.] 2002, no pet.). We are to consider time,
place, identity, manner and means in determining whether several offenses are the same. 
See Parrish, 869 S.W.2d at 354.
          We find the court of criminal appeals’ holding in Ex parte Peterson, 738 S.W.2d 688,
691-92 (Tex. Crim. App. 1987) determinative of the double jeopardy issue presented by this
case. In Ex parte Peterson, the court concluded that a pending involuntary manslaughter
charge had to be dismissed because the appellant had been convicted of driving while
intoxicated arising out of the same automobile accident as the death. Id. at 689-92. 
According to the court, “If the State is able to prove involuntary manslaughter, without also
proving that appellant was DWI, a successive prosecution would not be for the ‘same
offense’ within the meaning of the Double Jeopardy Clause.” Id. at 691. After noting that
the “indictment clearly shows that the State will rely on and seek to prove in the involuntary
manslaughter case the same ‘reckless act’ of driving while intoxicated that was necessary
to prove the lesser DWI charge,” the court concluded that the State impermissibly sought
to re-litigate the issue of driving while intoxicated. Id. 
In this case, we face similar circumstances. The resisting arrest information alleged
that appellant “did . . . intentionally and knowingly . . . use force against Doug Carter, . . .
a person Robert Lee Ortega knew to be a peace officer, [by] resist[ing] being handcuffed
by pulling away and refusing to cooperate with Doug Carter.” The indictment for assault on
a police officer alleged that appellant “did . . . intentionally and knowingly cause bodily injury
to Doug Carter by striking Doug Carter with his hand . . . and said offense was committed
while Doug Carter was lawfully discharging an official duty, to-wit: arresting . . . [appellant].” 
          At trial, the State relied on appellant’s conduct in resisting arrest to prove assault on
a peace officer. Officer Carter testified that appellant struck at him with his hand as he was
attempting to handcuff appellant to place him under arrest. This testimony was
corroborated by Deputy Horner, who testified that appellant struck Officer Carter as Officer
Carter was trying to place him under arrest. Thus, in the assault trial, the State relied on
and proved the same facts - showing an intentional use of force against the officer - that
were necessary to prove the resisting arrest charge.


 The State thus established that
appellant committed the offense of resisting arrest for the second time. This is not allowed. 
Id. It is clear from the indictment and the reporter’s record that the State was obligated to
and did, in fact, prove that the assault occurred while Officer Carter was in the process of
arresting appellant. Because appellant had already been convicted for conduct that was
a necessary element of the offense for which he was later charged and subsequently
convicted, his claim of double jeopardy must be sustained. See id. The State, however, argues that appellant’s prior conviction for resisting arrest was
void and therefore cannot be the basis for a double jeopardy claim in the case at bar. We
reject this argument. The State contends that the judgment in the resisting arrest case
reflects the charge of driving while license suspended and that this fatal variance between
the judgment and the charging instrument rendered the judgment void. At best, the State’s
argument tells only half of the story. The judgment in appellant’s prior conviction reads: 
On this, the 20th day of December, 2000, this cause wherein, ROBERT LEE
ORTEGA, Defendant has been charged in the above entitled and numbered
cause for the misdemeanor offense as charged:
RESISTING ARREST
The Court finds that the Defendant has duly waived his right to trial by jury
. . . . The State appeared by the County Attorney of Refugio County, Texas,
and announced ready. The Defendant, ROBERT LEE ORTEGA,
announced ready in open court . . . . Defendant waived his right to a jury
trial and pled NOLO CONTENDERE to said charge . . . . [T]he Court is of
the opinion that said matters substantiate the Defendant’s guilt in this
cause. Therefore, the Court found [sic] that the Defendant is GUILTY AS
CHARGED. 
From this language, there can be no mistaking the judgment of the court: “Guilty as
charged” means guilty of resisting arrest. 
          Nevertheless, the State argues that the judgment is void based on its closing
paragraph, which reads, in part, “Robert Lee Ortega is guilty of the offense of driving while
license suspended . . . .” Although the State is correct that this statement should read
“resisting arrest” and not “driving while license suspended,” that much is obvious from the
face of the judgment. We will not hold, on appeal from a different conviction, that this
superfluous language renders an otherwise patently unambiguous judgment void. Such a
holding would be particularly offensive given that appellant has already served his time for
the conviction that the State now argues is void. Even with its clerical error, the above
judgment reflects the offense for which the appellant was convicted. See Tex. Crim. Proc.
Code Ann. art. 42.01, sec. 1(13) (Vernon Supp. 2004).
          Aside from these considerations, the State’s argument against appellant’s double
jeopardy claim fails for another reason. In a bench trial, jeopardy attaches when both sides
have announced ready and the defendant has pleaded to the charging instrument. State
v. Torres, 805 S.W.2d 418, 420-21 (Tex. Crim. App. 1991). After jeopardy attaches, the
State is barred from later litigating allegations of the original charging instrument if the
charges have been dismissed, waived or abandoned. Ex parte Preston, 833 S.W.2d 515,
517 (Tex. Crim. App. 1992). In this case, the State does not claim that jeopardy did not
attach in appellant’s bench trial on the charge of resisting arrest, nor does it not argue that
any exception to the aforementioned rule applies. Instead, it claims that because the
judgment is void, appellant can be re-prosecuted even though he was tried, convicted,
sentenced, and served his time for resisting arrest. We conclude that by failing to correct
the allegedly void judgment, the State waived its right to challenge the validity of the
judgment at this late date. Even if we were to agree with the State that the judgment is void,
we would nevertheless hold that the State’s failure to take any action to correct the
judgment is tantamount to the State’s complete abandonment of the charge. Thus,
appellant’s constitutional double jeopardy protection would still bar subsequent prosecution. III. Conclusion
          Appellant’s prosecution, conviction and sentence for assault on a peace officer
violate his freedom from double jeopardy. Accordingly, we reverse the trial court’s judgment
and enter a judgment of acquittal.                                 _______________________DORI CONTRERAS GARZA,
                                                                                      Justice
 
Publish. 
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 1st day of April, 2004.