COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-236-CR
  
  
ERNESTO 
NEREO HERNANDEZ                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ernesto Nereo Hernandez was convicted of possession with intent to deliver 400 
grams or more of cocaine and was sentenced to twenty years’ 
imprisonment.  Appellant’s court-appointed appellate counsel has filed a 
motion to withdraw and a brief in support of that motion. In the brief, counsel 
avers that, in his professional opinion, this appeal is frivolous. See Anders 
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). This court provided 
Appellant the opportunity to file a pro se brief, but he did not.
        Appellate 
counsel’s brief and motion meet the requirements of Anders v. California 
by presenting a professional evaluation of the record in explaining why there 
are no arguable grounds for appeal. Once court-appointed counsel has complied 
with the Anders requirements, we must conduct an independent examination 
of the record to see if there is any arguable ground that may be raised on the 
appellant’s behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991).
        Our 
independent review of the record shows that there is no error that might 
arguably support an appeal or require reversal. The indictment alleges that the 
offense occurred before the presentment of the indictment. See Tex. Code Crim. Proc. Ann. art. 12.01(6) 
(Vernon 2005), art. 21.02(6) (Vernon 1989). Although the indictment charges 
Appellant with “intentionally or knowingly” possessing cocaine with intent 
to deliver, the statutory language of the offense criminalizes only 
“knowingly” possessing with intent to deliver. See Tex. Health & Safety Code Ann. § 
481.102 (Vernon Supp. 2004-05), § 481.112(f) (Vernon 2003). However, Appellant 
did not object to this irregularity in the indictment, so he may not raise this 
complaint on appeal. See Tex. Code 
Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). There are no jurisdictional 
errors; the indictment conferred jurisdiction on the trial court and provided 
Appellant with sufficient notice to prepare a defense. See Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05; Duron 
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        During 
voir dire, the trial court granted all of Appellant’s challenges for cause and 
did not prohibit Appellant from asking proper questions of the panel. Few 
objections were made at trial, and most of the objections that were made were to 
the form of the question asked by counsel. None of the rulings made by the trial 
court to the objections constituted reversible error or an abuse of discretion. 
The court’s charge properly defined the law, included an instruction on 
entrapment by law enforcement as requested and agreed to by the defense, and 
properly applied the law to the facts of the case. See Tex. Code Crim. Proc. 
Ann. art. 36.16 (Vernon 1981).
        Evidence 
adduced at trial showed that an undercover police officer agreed to pay 
Appellant $17,000 for one kilogram of cocaine. Appellant met the undercover 
officer in the parking lot of a bar, showed the officer a plastic bag containing 
a large brick of white powder, and told him that it was cocaine. When uniformed 
officers approached the location, Appellant threw the brick of white powder in 
the rear of the vehicle in which he was sitting and then tried to evade the 
officers by running away on foot. Appellant stipulated that the white powder 
seized in connection with this case is a controlled substance containing more 
than 400 grams of cocaine. Although Appellant testified that he was induced by 
law enforcement to participate in this drug transaction, the trier of fact is 
the sole judge of the weight and credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000). Accordingly, the evidence is legally and factually sufficient to support 
the conviction for possession of a controlled substance with intent to deliver. See 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Zuniga 
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).
        Appellant 
did object when the jury returned a verdict form finding him guilty of both 
possession with intent to deliver and the lesser included offense of possession; 
Appellant argued that a finding of guilt on the possession charge acted as an 
acquittal on the more serious charge.  However, the trial court judge 
polled the jury at Appellant’s request, asking each juror if the guilty 
verdict on the possession with intent to deliver charge was the verdict of that 
juror.  See Tex. Code Crim. 
Proc. Ann. art. 37.05.  Each juror affirmatively indicated that it 
was, so the trial court properly received and entered the verdict on the 
possession with intent to deliver charge only.[2]  
See id.  The trial court judge assessed punishment as requested 
before trial by the defense, and the punishment imposed is within the statutory 
range.  See Tex. Health & 
Safety Code Ann. §§ 481.102, 481.112(f).
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is 
frivolous.  Accordingly, we grant counsel’s motion to withdraw and affirm 
the trial court’s judgment.
  
  
                                                          PER 
CURIAM

 
 
PANEL 
F:   MCCOY, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 4, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant could not have been properly convicted of both possession with intent 
to deliver and the lesser included offense of straight possession because the 
Double Jeopardy Clauses of both the United States and the Texas Constitutions 
provide protection against multiple punishments for the same offense.  See 
U.S. Const. amend. V.; Tex. Const. art. I, § 14; Tex. Code Crim. Proc. Ann. art. 1.10; Illinois 
v. Vitale, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264 (1980); Ex parte 
Peterson, 738 S.W.2d 688, 691 (Tex. Crim. App. 1987).