Hernandez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-236-CR

ERNESTO NEREO HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ernesto Nereo Hernandez was convicted of possession with intent to 
deliver 400 grams or more of cocaine and was sentenced to twenty years’ imprisonment.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  This court provided Appellant the opportunity to file a pro se brief, but he did not.  

Appellate counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record 
in explaining why there are no arguable grounds for appeal.  
Once court-appointed counsel has complied with 
the 
Anders
 requirements, we must conduct an independent examination of the record to see if there is any arguable ground that may be raised on the appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  

Our independent review of the record shows that there is no error that might arguably support an appeal or require reversal.  
The indictment alleges that the offense occurred before the presentment of the indictment. 
 
See
 
Tex. Code Crim. Proc. Ann.
 art. 12.01(6) (Vernon 2005), art. 21.02(6) (Vernon 1989).  
Although the indictment charges Appellant with “intentionally or knowingly” possessing cocaine with intent to deliver, the statutory language of the offense criminalizes only “knowingly” possessing with intent to deliver.  
See
 
Tex. Health & Safety Code Ann.
 § 481.102 (Vernon Supp. 2004-05), §
 481.112(f) (Vernon 2003)
.  However, Appellant did not object to this irregularity in the indictment, so he may not raise this complaint on appeal.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (Vernon 2005).  
There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.
  See 
Tex. Const.
 art. V, § 12; 
Tex. Code Crim. Proc. Ann.
 art. 4.05; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  

During voir dire, the trial court granted all of Appellant’s challenges for cause and did not prohibit Appellant from asking proper questions of the panel.  
Few objections were made at trial, and most of the objections that were made were to the form of the question asked by counsel.  None of the rulings made by the trial court to the objections constituted reversible error or an abuse of discretion.
  
The court’s charge properly defined the law, included an instruction on entrapment by law enforcement as requested and agreed to by the defense, and properly applied the law to the facts of the case. 
 
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.16 (Vernon 1981).
  

Evidence adduced at trial showed that an undercover police officer agreed to pay Appellant $17,000 for one kilogram of cocaine.  Appellant met the undercover officer in the parking lot of a bar, showed the officer a plastic bag containing a large brick of white powder, and told him that it was cocaine.  When uniformed officers approached the location, Appellant threw the brick of white powder in the rear of the vehicle in which he was sitting and then tried to evade the officers by running away on foot.  Appellant stipulated that the white powder seized in connection with this case is a controlled substance containing more than 400 grams of cocaine.  Although Appellant testified that he was induced by law enforcement to participate in this drug transaction, the 
trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  
Accordingly,
 the evidence is legally and factually sufficient to support the conviction for possession of a controlled substance with intent to deliver.  
See 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). 

Appellant did object when the jury returned a verdict form finding him guilty of both possession with intent to deliver and the lesser included offense of possession; Appellant argued that a finding of guilt on the possession charge acted as an acquittal on the more serious charge.  However, the trial court judge polled the jury at Appellant’s request, asking each juror if the guilty verdict on the possession with intent to deliver charge was the verdict of that juror.  
See 
Tex. Code Crim. Proc. Ann.
 art. 37.05.  Each juror affirmatively indicated that it was, so the trial court properly received and entered the verdict on the possession with intent to deliver charge only.
(footnote: 2)  
See id.
 
 The trial court judge assessed punishment as requested before trial by the defense, and the punishment imposed is within the statutory range.  
See
 
Tex. Health & Safety Code Ann.
 §§ 481.102
, 481.112(f)
.

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw 
and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 4, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellant could not have been properly convicted of both possession with intent to deliver and the lesser included offense of straight possession because 
the 
Double Jeopardy Clauses of both the United States and the Texas Constitutions provide protection against multiple punishments for the same offense.  
See 
U.S. Const
. amend. V.; 
Tex. Const
. art. I, § 14;
 Tex. Code Crim. Proc. Ann.
 art. 1.10; 
Illinois v. Vitale
, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264 (1980); 
Ex parte Peterson
, 
738 S.W.2d 688, 691 (Tex. Crim. App. 1987).