**Ex parte William Steed KELLEY.**

**No.  13–01–533–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 10, 2002.

William Steed Kelley, pro se.

Herbert B. Hancock, Assistant District Attorney, Beeville, for the State.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

William Steed Kelley appeals *pro se* from an order denying habeas corpus relief. Kelley allegedly damaged State property while incarcerated at the McConnell Unit of the Texas Department of Criminal Justice ("TDCJ"). As a result of this conduct, the TDCJ left Kelley in "line class 3"[1] for one year, placed cell restrictions on him in administrative segregation for three days,[2] and assessed a restitution cost of $1,984.97. Afterwards Kelley was indicted for criminal mischief, based upon the same facts which led to his disciplinary sanc-

tions. Kelley filed a pretrial application for writ of habeas corpus in which he argued that double jeopardy barred prosecution for criminal mischief, because TDCJ had already "tried and punished" him for the same facts which led to his indictment. The trial court denied relief. We affirm.

## I. ANALYSIS

■ The issue is whether double jeopardy bars the State from prosecuting Kelley for criminal mischief when TDCJ had previously punished him administratively for the same conduct leading to the indictment. Kelley argues that the disciplinary sanctions were punishment for the criminal mischief he allegedly committed, thereby barring any further prosecution for that conduct. We conclude that the disciplinary sanctions imposed upon him by TDCJ did not constitute punishment under the Fifth Amendment to the United States Constitution and, therefore, hold that double jeopardy does not bar the State from prosecuting him for criminal mischief.

■ The double jeopardy clause embodies three essential guarantees: (1) it protects against a successive prosecution for the "same offense" after acquittal; (2) it protects against a successive prosecution for the "same offense" after conviction; and (3) it protects against multiple punishments for the "same offense." *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Ex parte Broxton*, 888 S.W.2d 23, 25 (Tex.Crim.App.1994). A person may also invoke double jeopardy protection when a civil sanction is so grossly disproportionate to the goal of the sanction that it supercedes the remedial goal. *See Ex parte Hernandez*, 953 S.W.2d 275, 280 (Tex.Crim.App.1997).

---

**1.** According to appellant this is the lowest possible time-earning class.

**2.** Appellant asserts that this is the same as solitary confinement.

In *Ex parte Hernandez*, the court of criminal appeals established the guidelines for determining whether inmate sanctions constitute punishment for double jeopardy purposes. In that case Hernandez allegedly assaulted two corrections officials while incarcerated at the Bexar County Adult Detention Center (the "Center"). After the assaults, and prior to Hernandez being indicted for these crimes, Center officials sanctioned him for this conduct by imposing fifteen days disciplinary detention upon him and, within that period, restricted him from the commissary, newspapers, visits, phones, and programs. At a pre-trial hearing Hernandez argued that he had already been punished by the sanctions and that under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 14 of the Texas Constitution, the imposition of the disciplinary sanctions barred the State from prosecuting him for the assaults. The trial court overruled his special pleas of double jeopardy and his applications for writ of habeas corpus seeking relief from double jeopardy. The court of criminal appeals stated that the disciplinary sanctions did not constitute punishment under the Fifth Amendment and, therefore, the fifteen-day disciplinary detention did not bar the State from later prosecuting him for the assaults. *Ex Parte Hernandez,* 953 S.W.2d at 279. In its analysis the *Hernandez* court said:

> [T]his Court should look to whether the disciplinary sanctions were created with an intent to be punitive (and not, as appellant [Hernandez] would have it, whether they were imposed in a punitive manner) or were they created with an intent to achieve a remedial goal. If the latter is true, then this Court should determine whether the disciplinary sanctions imposed upon appellant were so disproportionately punitive that they su-

perceded the remedial goal of those sanctions.

*Id.* The *Hernandez* court noted that the statutes which established and maintain the Texas Department of Criminal Justice, Institutional Division support the conclusion that institutional disciplinary sanctions are meant to ensure an orderly and safe environment within a prison or detention center. *Id.* at 281. For example, Section 499.102(a) of the Texas Government Code directs the staff of the Institutional Division to make determinations and recommendations to increase the capacity of the division so long as the division still provides for "(9) a fair disciplinary system that ensures due process and is adequate to ensure safety and order in the unit." TEX. GOV'T CODE ANN. § 499.102(a)(9) (Vernon 1998). Section 494.002(a) specifies the duties of the Director of Institutional Division. Within those duties is the responsibility of the Director to establish policies which govern the "discipline of inmates and may arrange for the separation and classification of inmates according to the inmates' ... corrigibility...." TEX. GOV'T CODE ANN. § 494.002(a) (Vernon 1998).

The *Hernandez* court concluded that the disciplinary sanctions imposed upon Hernandez served the remedial goals of maintaining order and discipline within the jail population in order to ensure a safe environment for inmates, prison staff and correctional officers. *Ex parte Hernandez,* 953 S.W.2d at 282. Having established the remedial goals of the disciplinary sanctions the *Hernandez* court decided whether the sanctions "were disproportionate to those remedial goals." *Id.* In making this determination the court stated:

> [T]he sanctions imposed upon appellant ... were not so grossly unrelated to the County's remedial interests at stake in the environment of the Detention Center that they could only be viewed as crimi-

nal punishment. This Court notes appellant was already confined in administrative segregation when he was brought before the Administrative Hearing Board. Their additional assessment of fifteen days disciplinary detention was not disproportionate to the Bexar County Adult Detention Center's remedial goals of maintaining order and discipline. This Court concludes appellant's Fifth Amendment double jeopardy protections were not violated by the sanctions imposed upon him.

To rule otherwise in this case would place prison and jail staffs in the position of having to choose between immediate disciplinary sanctions and pursuing criminal prosecutions. This could very well have a destructive effect upon the ability of the staffs of the State's jails and prisons to maintain discipline within their respective inmate populations.

*Id.* at 285.

We conclude that the sanctions meted out to Kelley—leaving him in "line class 3" for one year, placing cell restrictions on him in administrative segregation for three days, and assessing a restitution cost of $1,984.97—are not so grossly unrelated to the remedial goals of maintaining order and discipline, and deterring damage to prison property, that they constitute punishment. The sanctions imposed on Kelley were rationally related to the legitimate remedial purpose of allowing the prison officials to maintain order and discipline. Accordingly we hold that the sanctions do not trigger double jeopardy protection under the United States Constitution. *See Ex parte Hernandez,* 953 S.W.2d at 285.

In his appellate brief Kelley requests this Court to consider appointment of appellate counsel to further brief and argue the merits of this appeal, citing *Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). *Hudson,* however, does not apply to cases involving prison disciplinary sanctions. *Rogers v. State,* 44 S.W.3d 244, 247 (Tex.App.-Waco 2001, no pet.). It is well-established that sanctions assessed by a prison do not preclude the State from prosecuting a prisoner for the same conduct. *Id.* The issue in this case is not complicated, and the appellate briefs are sufficient to assist this Court in resolving the issue. We deny the motion.

We AFFIRM the order denying relief.