Ex Parte Daniel GARZA, III.

No. 06–03–00110–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 16, 2003.

Decided July 30, 2003.

Dan Meehan, Law Office of Joel J. Steed, Clarksville, for Appellant.

M. Shane Attaway, County Atty. Pro Tem (Red River County), Assistant Attorney General, Austin, for Appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice CARTER.

Daniel Garza, III, appeals the trial court's denial of his pretrial application for writ of habeas corpus. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2003). For the reasons stated below, we affirm the trial court's judgment.

On May 29, 2002, the grand jury indicted Garza in cause number 002CR00146 for solicitation of capital murder. The indictment alleged Garza,

[O]n or about May 6, 2002 did then and there unlawfully with intent that a capital felony be committed, namely, Capital Murder, request, command and attempt to induce Terry Bee to engage in specific conduct namely, to kill *Val Varley* for remuneration and the promise of remu-

neration, that, under the circumstances surrounding his conduct as the defendant believed them to be would constitute Capital Murder.

(Emphasis added.) Garza pled "not guilty," and the case was tried to a jury on August 6, 2002. The jury found Garza guilty of solicitation of capital murder, as charged in the indictment.

On May 29, 2002, the grand jury also indicted Garza in cause number 002CR00147 for a second case of solicitation of capital murder. This second indictment alleged Garza,

> [O]n or about May 6, 2002 did then and there unlawfully with intent that a capital felony be committed, namely, Capital Murder, request, command and attempt to induce Terry Bee to engage in specific conduct namely, to kill *Bob Pyeatt* for remuneration and the promise of remuneration, that, under the circumstances surrounding his conduct as the defendant believed them to be would constitute Capital Murder.

(Emphasis added.) At the first trial, the evidence showed Garza had simultaneously attempted to induce undercover police officer Terry Bee to kill both Pyeatt and Varley in exchange for $400.00 and a carton of cigarettes.

On May 22, 2003, Garza filed an application for writ of habeas corpus in the second case, claiming double jeopardy barred further prosecution because Garza had already been tried and convicted of solicitation of capital murder in cause number 002CR00146. The trial court denied Garza's application for writ of habeas corpus after a hearing on May 27, 2003. The trial court found that, although "the allegations in cause number 002CR0146 and cause number 002CR00147 involve alleged facts occurring on the same date during one transaction, the Victim in cause number 002CR00147 is Bob Pyeatt and the victim in cause number 002CR00146 is Val Varley." The trial court then held that, because the separate indictment listed different victims of the capital murder being solicited, the two indictments each required a different element of proof as to the intended victim. Therefore, according to the trial court's findings, double jeopardy did not bar the State's prosecution of 002CR00147. Garza appeals the trial court's decision.

■ The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision is applicable to the states through the Fourteenth Amendment. *See Brown v. Ohio,* 432 U.S. 161, 164, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Double Jeopardy Clause "protects against a second prosecution for the same offense after conviction." *Id.* at 165, 97 S.Ct. 2221 (referencing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

■ Claims of double jeopardy are analyzed under the test announced by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Generally, under the *Blockburger* test, two offenses do not constitute the same offense for double jeopardy purposes if each offense contains an element of proof that the other does not. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ex parte Starnes,* 993 S.W.2d 685, 687 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). When determining whether double jeopardy bars subsequent prosecution, one should examine not only the statutory elements of the offense, but must also compare the elements of proof required by the charging instruments—and the elements in the charging instruments

are generally controlling. *See State v. Perez*, 947 S.W.2d 268, 270 (Tex.Crim.App. 1997).

In this case, we are asked to determine whether the solicitation of the capital murders of two different intended victims constitutes a single offense or two separate offenses. The Texas Court of Criminal Appeals has held that double jeopardy does not bar multiple charges of engaging in organized criminal activity when multiple charging instruments allege different victims. *Bailey v. State*, 87 S.W.3d 122 (Tex.Crim.App.2002). The *Bailey* court emphasized that evidence showing Bailey stole money from one victim would not sustain a conviction under an indictment alleging a different victim. *Id.* at 127. "In other words, proof of one will not prove the other. Thus, the offenses are not the same for double jeopardy purposes." *Id.* (citing *Fulmer v. State*, 731 S.W.2d 943, 948 (Tex.Crim.App.1987) (Clinton, J., concurring) (opinion adopted by majority)) (analyzing *Blockburger* test by examining the proof needed to support each element of crime).

The Austin Court of Appeals recently faced a case in which the appellant was convicted for two counts of criminal solicitation to commit murder. The Austin court affirmed the appellant's conviction on the first count, but found there to be insufficient corroboration on the second count regarding the appellant's solicitation of the second complainant's murder and, therefore, reversed that conviction. *Ganesan v. State*, 45 S.W.3d 197 (Tex.App.-Austin 2001, pet. ref'd). The Austin court did not, however, suggest that double jeopardy barred the appellant's conviction under count two because the appellant simultaneously solicited the killing of two people. *Id.*

To prove the offense of criminal solicitation, the State must show, beyond a reasonable doubt, the defendant:

> commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.

TEX. PEN.CODE ANN. § 15.03(a) (Vernon 2003).

We note that the statute requires a showing the defendant "requests, commands, or attempts to induce another to engage in *specific* conduct...." TEX. PEN. CODE ANN. § 15.03 (Vernon 2003) (emphasis added). Under the plain language of the statute requiring a showing the defendant engaged in specific conduct, when the solicited felony conduct is an assaultive offense, the charging instrument for criminal solicitation must name the intended victim of the crime being solicited. This comports with the long-standing requirement that an indictment list the complainant's name. *See Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex.Crim.App.1976) (indictment for aggravated assault fundamentally defective where complainant's name is not listed).

In the case before us, the first indictment required proof Garza solicited the killing of Varley. The State would have to show the jury that the specific felonious conduct Garza asked Bee to commit in exchange for remuneration was the killing of Varley. Had the State shown at trial Garza only asked Bee to kill Pyeatt, or neglected to show Garza asked Bee to kill Varley, the State's proof would not have been sufficient to satisfy the proof required under the indictment. Similarly, the second indictment requires the State

show Garza solicited the killing of Pyeatt. Accordingly, each indictment requires an element of proof not required by the other indictment. Under the *Blockburger* test, double jeopardy does not bar the State from prosecuting Garza for the solicitation of the murder of both Varley and Pyeatt.[1]

We affirm the trial court's denial of Garza's application for writ of habeas corpus.

---

**1.** *Cf. Manrique v. State,* 994 S.W.2d 640, 646 n. 5 (Tex.Crim.App.1999) (McCormick, P.J., concurring) (citing *Vineyard v. State,* 958 S.W.2d 834, 837–40 (Tex.Crim.App.1998)) (each victim in attempted murder case is an "allowable unit of prosecution").