**Robert Lee ORTEGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–02–298–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 1, 2004.

Randy Mack, Attorney At Law, Corpus Christi, for Appellant.

Michael A. Sheppard, District Attorney, Robert C. Lassmann, Asst. District Attorney, Cuero, for Appellee.

Before Justices HINOJOSA, YAÑEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

After a trial in Refugio County, a jury convicted appellant, Robert Lee Ortega, of assault on a peace officer and sentenced him, as a habitual criminal, to seventy-five years imprisonment. Appellant challenges his conviction by five issues. Because we conclude that resisting arrest and assault on a peace officer are the "same offense" for double jeopardy purposes in this case and because we find that appellant has already been tried and convicted for resisting arrest, we reverse the judgment of the trial court and order a judgment of acquittal on the assault charge.

## I. Background

On November 3, 2000, Officer Doug Carter of the Woodsboro Police Department attempted to stop appellant's automobile after he witnessed appellant make several illegal turns. Appellant did not pull over and instead drove to his mother's house. When appellant finally stopped his vehicle, both he and Officer Carter exited their cars, at which point, Officer Carter drew his Sig Sauer .45 caliber semi-automatic handgun and ordered him to the ground. Appellant refused to comply. He shouted obscenities to the officer, including a vulgarly-couched demand that the officer produce a warrant for his arrest.

Despite appellant's agitated state and obvious disrespect for police authority, Officer Carter holstered his weapon and proceeded to force appellant into physical submission using his 325–pound, five-foot eleven-inch physique. Officer Carter laid both hands on appellant, a man of 180 pounds, standing five feet and six inches tall, and was attempting to restrain him with handcuffs when appellant got his arms loose and apparently struck Officer Carter several times in a struggle to free himself. Officer Carter then shoved appellant, who, in the officer's words, "flew into a [nearby] mobile home." At this point, Officer Carter was reinforced by Deputy Mitch Horner, who forced appellant against the side of the trailer using what he described as a "half Nelson" maneuver. With the help of a third agent, Officer Merritt of the Refugio Police Department, the peace officers successfully restrained appellant and after some talk of pepper spray, convinced him to get into one of their squad cars. Following the incident, Officer Carter was examined by medical professionals at a nearby hospital and told to take a Tylenol.

On November 28, 2000, appellant was charged, by information, with driving with a suspended license, evading arrest, and resisting arrest. On December 27, 2000, following pleas of nolo contendere, judgments of guilt were entered on all three charges. On January 19, 2001, the State

filed an indictment charging appellant with assault on a peace officer based on the events of November 3, 2000. Before trial, appellant raised a double jeopardy objection to the State's case. The trial court overruled the objection, and appellant was tried before a jury and convicted.

## II. Analysis

■■■ In his first issue, appellant claims that the trial court erred by denying his double jeopardy objection. The double jeopardy clause embodies three essential guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Ex parte Broxton*, 888 S.W.2d 23, 25 (Tex. Crim.App.1994); *Ex parte Kelley*, 89 S.W.3d 213, 214 (Tex.App.-Corpus Christi 2002, no pet.). Each guarantee applies only in cases involving the "same offense." The "same elements" test, or *Blockburger* test, is used to determine whether two offenses constitute the "same offense" for double jeopardy purposes. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Ex parte Broxton*, 888 S.W.2d at 25. Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180; *Ex parte Broxton*, 888 S.W.2d at 25.

Appellant argues that resisting arrest is a lesser-included offense of assault on a peace officer and that for double jeopardy purposes, the two offenses are really the same. According to appellant, the State violated his Fifth Amendment freedom from a second prosecution for the same offense after conviction when it tried and convicted him on the charge of assault on a peace officer following his conviction for resisting arrest. We begin by determining whether resisting arrest is a lesser-included offense of assault on a peace officer.

The Court of Criminal Appeals has noted that:

> [T]he essential rule for determining whether different statutes proscribe the same offense so as to bar successive prosecution remains uncertain.... The only proposition upon which everyone seems to agree is that greater inclusive and lesser included offenses are the same for jeopardy purposes. But, determining whether two offenses stand in such a relationship is still a controversial undertaking.

*Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim.App.1994) (citations omitted); *see also Honeycutt v. State*, 82 S.W.3d 545, 547 (Tex.App.-San Antonio 2002, pet. ref'd) ("Greater-inclusive and lesser-included offenses are the same for jeopardy purposes."); *Hernandez v. State*, 28 S.W.3d 660, 670 (Tex.App.-Corpus Christi 2000, pet. ref'd) (same).

■■■ By statute, an offense is a lesser included offense, among other things, if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Crim. Proc.Code Ann. art. 37.09(1) (Vernon 1981). In double jeopardy scenarios, however, it is not enough merely to compare statutory elements. *See State v. Houth*, 845 S.W.2d 853, 869 (Tex.Crim.App.1992) (Benavides, J., concurring) ("[S]tatutory offenses which seem different in the abstract may prove to be the same in light of the factual context in which they arise."); *see also Parrish*, 869 S.W.2d at 354 ("Our

statute law thus describes includedness in much the same way *Blockburger* describes sameness. Yet we have long considered more than merely statutory elements to be relevant in this connection.") (citations omitted). In applying the *Blockburger* or "same elements" test, the essential elements relevant to a double jeopardy argument based on successive prosecution are those of the charging instrument, not of the penal statute itself. *State v. Perez,* 947 S.W.2d 268, 270 (Tex.Crim.App.1997); *see also Parrish,* 869 S.W.2d at 354; *Lewis v. State,* 88 S.W.3d 383, 386 (Tex.App.-Fort Worth 2002, pet. ref'd); *Ex parte Pool,* 71 S.W.3d 462, 466 (Tex.App.-Tyler 2002, no pet.); *Elliott v. State,* 976 S.W.2d 355, 359, n. 8 (Tex.App.-Austin 1998, pet. ref'd). Although statutory elements will always make up a part of the accusatory pleading, additional non-statutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. *Parrish,* 869 S.W.2d at 354; *see also Ex parte Garza,* 115 S.W.3d 123, 124–25 (Tex.App.-Texarkana 2003, no pet.); *Roy v. State,* 76 S.W.3d 87, 98 (Tex.App.-Houston [14th Dist.] 2002, no pet.). We are to consider time, place, identity, manner and means in determining whether several offenses are the same. *See Parrish,* 869 S.W.2d at 354.

We find the court of criminal appeals' holding in *Ex parte Peterson,* 738 S.W.2d 688, 691–92 (Tex.Crim.App.1987) determinative of the double jeopardy issue presented by this case. In *Ex parte Peterson,* the court concluded that a pending involuntary manslaughter charge had to be dismissed because the appellant had been convicted of driving while intoxicated arising out of the same automobile accident as the death. *Id.* at 689–92. According to the court, "If the State is able to prove involuntary manslaughter, without also proving that appellant was DWI, a successive prosecution would not be for the 'same offense' within the meaning of the Double Jeopardy Clause." *Id.* at 691. After noting that the "indictment clearly shows that the State will rely on and seek to prove in the involuntary manslaughter case the same 'reckless act' of driving while intoxicated that was necessary to prove the lesser DWI charge," the court concluded that the State impermissibly sought to re-litigate the issue of driving while intoxicated. *Id.*

In this case, we face similar circumstances. The resisting arrest information alleged that appellant "did ... intentionally and knowingly ... use force against Doug Carter, ... a person Robert Lee Ortega knew to be a peace officer, [by] resist[ing] being handcuffed by pulling away and refusing to cooperate with Doug Carter." The indictment for assault on a police officer alleged that appellant "did ... intentionally and knowingly cause bodily injury to Doug Carter by striking Doug Carter with his hand ... and said offense was committed while Doug Carter was lawfully discharging an official duty, to-wit: arresting ... [appellant]."

At trial, the State relied on appellant's conduct in resisting arrest to prove assault on a peace officer. Officer Carter testified that appellant struck at him with his hand as he was attempting to handcuff appellant to place him under arrest. This testimony was corroborated by Deputy Horner, who testified that appellant struck Officer Carter as Officer Carter was trying to place him under arrest. Thus, in the assault trial, the State relied on and proved the same facts—showing an intentional use of force against the officer—that were necessary to prove the resisting arrest charge.[1]

---

1. The elements of resisting arrest are outlined in section 38.03(a) of the Texas Penal Code,

The State thus established that appellant committed the offense of resisting arrest for the second time. This is not allowed. *Id.* It is clear from the indictment and the reporter's record that the State was obligated to and did, in fact, prove that the assault occurred while Officer Carter was in the process of arresting appellant. Because appellant had already been convicted for conduct that was a necessary element of the offense for which he was later charged and subsequently convicted, his claim of double jeopardy must be sustained. *See id.*

■ The State, however, argues that appellant's prior conviction for resisting arrest was void and therefore cannot be the basis for a double jeopardy claim in the case at bar. We reject this argument. The State contends that the judgment in the resisting arrest case reflects the charge of driving while license suspended and that this fatal variance between the judgment and the charging instrument rendered the judgment void. At best, the State's argument tells only half of the story. The judgment in appellant's prior conviction reads:

> On this, the 20th day of December, 2000, this cause wherein, ROBERT LEE ORTEGA, Defendant has been charged in the above entitled and numbered cause for the misdemeanor offense as charged:
>
> RESISTING ARREST
>
> The Court finds that the Defendant has duly waived his right to trial by jury.... The State appeared by the County Attorney of Refugio County,

Texas, and announced ready. The Defendant, ROBERT LEE ORTEGA, announced ready in open court.... Defendant waived his right to a jury trial and pled NOLO CONTENDERE to said charge.... [T]he Court is of the opinion that said matters substantiate the Defendant's guilt in this cause. Therefore, the Court found [sic] that the Defendant is GUILTY AS CHARGED.

From this language, there can be no mistaking the judgment of the court: "Guilty as charged" means guilty of resisting arrest.

Nevertheless, the State argues that the judgment is void based on its closing paragraph, which reads, in part, "Robert Lee Ortega is guilty of the offense of driving while license suspended...." Although the State is correct that this statement should read "resisting arrest" and not "driving while license suspended," that much is obvious from the face of the judgment. We will not hold, on appeal from a different conviction, that this superfluous language renders an otherwise patently unambiguous judgment void. Such a holding would be particularly offensive given that appellant has already served his time for the conviction that the State now argues is void. Even with its clerical error, the above judgment reflects the offense for which the appellant was convicted. *See* TEX.CRIM. PROC.CODE ANN. art. 42.01, sec. 1(13) (Vernon Supp.2004).

■ Aside from these considerations, the State's argument against appellant's double jeopardy claim fails for another reason. In a bench trial, jeopardy

---

which states:
> A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in peace officer's presence and at his direction from effecting an arrest, search, or

transportation of the actor or another *by using force against the peace officer* or another.
TEX. PEN.CODE ANN. § 38.03(a) (Vernon 2003) (emphasis added).

attaches when both sides have announced ready and the defendant has pleaded to the charging instrument. *State v. Torres,* 805 S.W.2d 418, 420–21 (Tex.Crim.App. 1991). After jeopardy attaches, the State is barred from later litigating allegations of the original charging instrument if the charges have been dismissed, waived or abandoned. *Ex parte Preston,* 833 S.W.2d 515, 517 (Tex.Crim.App.1992). In this case, the State does not claim that jeopardy did not attach in appellant's bench trial on the charge of resisting arrest, nor does it not argue that any exception to the aforementioned rule applies. Instead, it claims that because the judgment is void, appellant can be re-prosecuted even though he was tried, convicted, sentenced, and served his time for resisting arrest. We conclude that by failing to correct the allegedly void judgment, the State waived its right to challenge the validity of the judgment at this late date. Even if we were to agree with the State that the judgment is void, we would nevertheless hold that the State's failure to take any action to correct the judgment is tantamount to the State's complete abandonment of the charge. Thus, appellant's constitutional double jeopardy protection would still bar subsequent prosecution.

### III. Conclusion

Appellant's prosecution, conviction and sentence for assault on a peace officer violate his freedom from double jeopardy. Accordingly, we reverse the trial court's judgment and enter a judgment of acquittal.