NUMBER 13-03-176-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
RUTILIO FUENTES, JR.,                                                             Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 36th District Court of Aransas County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Rutilio Fuentes, Jr., was convicted of two counts of sexual misconduct: 
(1) aggravated sexual assault of a child and (2) indecency with a child. His respective
prison sentences for these convictions, thirty years and twenty years, are running
concurrently. On appeal to this Court, appellant raises two errors: (1) the evidence is
factually insufficient to support his conviction for aggravated sexual assault and (2) his
sentence for indecency violates his freedom from double jeopardy. We hold that the
evidence is sufficient to support the aggravated-sexual-assault-of-a-child conviction, but
we conclude that the sentence for indecency with a child violates appellant’s freedom from
double jeopardy. Accordingly, we vacate the conviction for indecency with a child and
affirm the conviction and sentence for aggravated sexual assault.
1. Factual-Sufficiency Challenge 
          Evidentiary sufficiency is measured against the elements of the offense as defined
by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). Such a charge would accurately set out the law, would be
authorized by the indictment, and would not unnecessarily increase the State’s burden of
proof. Id. 
          In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). 
          In his first issue, appellant contends that the evidence is factually insufficient to
support his conviction for aggravated sexual assault of a child because it does not show
that appellant penetrated the victim’s sexual organ.


 We hold that the evidence is sufficient
to show penetration. At trial, the eight-year-old victim testified that appellant penetrated
her sexual organ with his finger. A certified sexual assault nurse examiner confirmed the
victim’s story by testifying that the victim’s sexual organ had suffered trauma consistent
with the type of penetration alleged. Although appellant produced evidence tending to
show that he did not penetrate the victim’s sexual organ—including appellant’s testimony,
the testimony of the victim’s eleven-year-old cousin, and the testimony of the victim’s
aunt—that evidence does not greatly outweigh the proof of guilt. Nor does the verdict
shock the conscience or clearly demonstrate bias. Appellant’s sufficiency issue is
overruled. 
2. Double-Jeopardy Challenge
          The double jeopardy clause embodies three essential guarantees: it protects
against (1) a second prosecution for the same offense after acquittal, (2) a second
prosecution for the same offense after conviction, and (3) multiple punishments for the
same offense. Ex parte Kelley, 89 S.W.3d 213, 214 (Tex. App.—Corpus Christi 2002, no
pet.). Appellant claims that his sentence for indecency with a child violates the third
protection because it is a second punishment for aggravated sexual assault of a child. We
agree. 
          The guarantees enumerated above apply only if the offenses are the same. Greater
inclusive and lesser included offenses are the same for jeopardy purposes. Parrish v.
State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Thus, a defendant cannot be
punished for both a greater inclusive offense and a lesser included offense. See id. In
such cases, the court of appeals must vacate the conviction for the lesser included offense
and affirm the conviction for the greater inclusive offense. See Ochoa v. State, 982 S.W.2d
904, 908 (Tex. Crim. App. 1998).
          Appellant argues that, at most, he committed only one act of sexual misconduct. 
He contends that both charges against him involve the same alleged act of
misconduct—his penetration of the victim’s sexual organ with his finger. The State’s brief
concedes that the charge of indecency with a child was likely a lesser included offense of
aggravated sexual assault. We agree with appellant and the State. The State could not
prove sexual assault of a child in this case without also proving indecency with a child. 
Thus, indecency with a child was a lesser included offense of aggravated sexual assault,
and appellant’s sentence for indecency violates his double jeopardy protection. 
3. Conclusion 
          The trial court’s judgment is ordered modified as follows: appellant’s conviction for
indecency with a child is vacated. The trial court’s judgment is affirmed as modified.  
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.