IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0819-04






ROBERT LEE ORTEGA, Appellant



v.



THE STATE OF TEXAS





ON DISCRETIONARY REVIEW OF CASE 13-02-0398-CR


OF THE THIRTEENTH COURT OF APPEALS


REFUGIO COUNTY






 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Johnson, Keasler, Hervey and Holcomb, JJ., joined. Price and Cochran, JJ.,
concurred in the judgment. Meyers, J., filed a dissenting opinion.



 The issue in this case is whether a trial for assault of a public servant, after the defendant
had been tried for resisting an arrest by the same public servant, denied the defendant Due
Process of Law by violating the Double Jeopardy Clause of the Fifth Amendment ("No person
shall  be subject for the same offence to be twice put in jeopardy of life or limb"). We hold that
the offenses were not "the same offence" under the Double Jeopardy Clause.

 The indictment for assault of a public servant alleged that on or about November 3, 2000,
in Refugio County, the appellant intentionally and knowingly caused bodily injury to Doug
Carter by striking Doug Carter with his hand, knowing Carter was a public servant (specifically,
a peace officer) and while Carter was lawfully discharging the official duty of arresting him, and
in retaliation for and on account of the exercise of official power and the performance of official
duty.

 The trial began on April 22, 2002. In the first two days of the trial, the court arraigned the
appellant and selected a jury. On the morning of the third day, after the jurors were sworn, the
appellant's attorney told the court that he "was told just a minute ago that my client had actually
already been convicted in county court for resisting arrest ; therefore, it would seem  that
this trial actually might be barred by double jeopardy." He "object[ed] to proceeding at this
time." The court overruled his objection, and the trial continued.

 The State presented the testimony of Officer Doug Carter of the Woodsboro Police
Department, who tried to stop Robert Lee Ortega after he saw Ortega commit several traffic
offenses while driving on the streets of Woodsboro. Using the emergency lights, the siren, and
the "air horn" on his patrol car, he chased Ortega's car down three streets, but Ortega did not stop
until he got to his mother's house. When the officer drew his pistol and ordered Ortega to get on
the ground, Ortega refused to comply and shouted obscenities. The officer, seeing that Ortega
was not armed, put his pistol back in its holster. He testified that he grabbed Ortega, told him he
was under arrest, and tried to handcuff him, but Ortega "pulled away and began striking me" with
his fists. He hit Carter in the body and face. After a deputy sheriff arrived and joined the struggle,
Ortega hit Carter in the chin with his fist. Carter got a cuff from one set of handcuffs on one of
Ortega's arms, and a cuff from another set on the other arm, but he could not get the arms cuffed
together until a third officer arrived and helped to take Ortega to the ground. Although handcuffed, Ortega continued to resist being placed in Carter's patrol car until Carter showed him
some pepper spray. The other two officers also testified.

 After the State rested, the appellant presented to the court certified copies of complaints,
informations, and judgments of two prosecutions of the appellant in the county court. One was
for evading arrest by fleeing from Officer Doug Carter, which is not relevant to this appeal. The
other was for resisting an arrest by Officer Doug Carter. Each information alleged that the
appellant committed the offense in Refugio County on or about November 4, 2000. On December 20, 2000, the appellant had pleaded nolo contendere to each offense, and the county court had
found him guilty and sentenced him to 46 days in jail in each case. The appellant told the district
court that "we're raising a double jeopardy defense  and we'll object to the -- object to the
trial, I guess."

 The court ruled, "With regard to your plea of double jeopardy, I will overrule that
motion."

 The appellant presented no evidence before the jury. The jury found him guilty of assault
of a public servant. At the punishment stage, the State pleaded and proved that the appellant was
an habitual felony offender, and the jury assessed punishment of 75 years in prison.

 On the appeal that followed, the appellant presented a point that the "trial court erred in
not sustaining Defendant's plea of Double Jeopardy," and a point that the trial court erred in not
instructing the jury on the lesser-included offense of resisting arrest.

 The Thirteenth Court of Appeals decided the appeal on double-jeopardy grounds. It said
that the state law for lesser-included offenses was not adequate for that task.

 By statute, an offense is a lesser included offense, among other things, if it is
established by proof of the same or less than all the facts required to establish the
commission of the offense charged. Tex. Crim. Proc. Code Ann. art. 37.09(1)
(Vernon 1981). In double jeopardy scenarios, however, it is not enough merely to
compare statutory elements.  We are to consider time, place, identity, manner
and means in determining whether several offenses are the same. (1)


It held, "Because we conclude that resisting arrest and assault on a peace officer are the 'same
offense' for double jeopardy purposes in this case and because we find that appellant has already
been tried and convicted for resisting arrest, we reverse the judgment of the trial court and order a
judgment of acquittal on the assault charge." (2) The Court reasoned:

 At trial, the State relied on appellant's conduct in resisting arrest to prove assault
on a peace officer. Officer Carter testified that appellant struck at him with his
hand as he was attempting to handcuff appellant to place him under arrest. This
testimony was corroborated by Deputy Horner, who testified that appellant struck
Officer Carter as Officer Carter was trying to place him under arrest. Thus, in the
assault trial, the State relied on and proved the same facts -- showing an intentional use of force against the officer -- that were necessary to prove the resisting
arrest charge. The State thus established that appellant committed the offense of
resisting arrest for the second time. This is not allowed. It is clear from the
indictment and the reporter's record that the State was obligated to and did, in
fact, prove that the assault occurred while Officer Carter was in the process of
arresting appellant. Because appellant had already been convicted for conduct
that was a necessary element of the offense for which he was later charged and
subsequently convicted, his claim of double jeopardy must be sustained. (3)


 The State petitioned for discretionary review. It presented three issues. It enumerated the
first two, which had to do with lesser-included offenses. They asked specifically, "Whether the
offense of resisting arrest is a lesser-included offense of aggravated assault on a peace officer,"
and more generally "Whether the evidence presented or facts proven are relevant to the determination of whether one offense is a lesser-included offense of another." (4) The petition also pointed
out a third, different issue: "Moreover, if we go forward with the applicable  test, which is
essential to a double jeopardy analysis  [it] differs from the lesser-included offense definition. (5)
 Moreover, the offenses are not the same for purposes of double jeopardy." (6) We granted
review.

 We shall not address the State's first two issues. The third issue is the one on which the
Court of Appeals' decision rested, and it is more specific to the jeopardy issue that is presented.

 We believe that the Court of Appeals' analysis is not in accord with the interpretation of
the Double Jeopardy Clause that the Supreme Court of the United States has adopted. The Court
of Appeals held that there was a double-jeopardy violation because "in the assault trial, the State
relied on and proved the same facts -- showing an intentional use of force against the officer --
that were necessary to prove the resisting arrest charge. The State thus established that appellant
committed the offense of resisting arrest for the second time. This is not allowed." This reasoning is essentially that of Grady v. Corbin, (7) which the Supreme Court has overruled.

 Thomas Corbin drove a vehicle that crossed the center line of a highway and struck
another vehicle, killing the driver and injuring her passenger. He was convicted of driving while
intoxicated and failing to keep right of the median. Then he was indicted for homicide and
assault offenses. He moved to dismiss the indictment on double jeopardy grounds. (8)

 The Corbin Court recognized that "the facts and contentions raised here mirror almost
exactly those raised in" another of its cases, Illinois v. Vitale, (9) in which it had "held that the
second prosecution was not barred under the traditional Blockburger test because each offense
'require(d) proof of a fact which the other (did) not. See Blockburger [v. United States] 284 U.S.
[299 (1932)], at 304." (10)

 But the Corbin Court went on to add:

 [A] subsequent prosecution must do more than merely survive the Blockburger
test. As we suggested in Vitale, the Double Jeopardy Clause bars any subsequent
prosecution in which the government, to establish an essential element of the
offense charged in that prosecution, will prove conduct that constitutes an offense
for which the defendant has already been prosecuted. This is not an "actual
evidence" or "same evidence" test. The critical inquiry is what conduct the State
will prove, not the evidence the State will use to prove that conduct." (11)


The Court said that "the State has admitted that it will prove the entirety of the conduct for which
Corbin was committed -- driving while intoxicated and failing to keep right of the median -- to
establish essential elements of the homicide and assault offenses. Therefore the Double Jeopardy
Clause bars this successive prosecution ." (12)

 As we have said, the analysis in Grady v. Corbin was very much like that in the Court of
Appeals' opinion in this case. The Supreme Court has renounced that analysis.

 Three years after Grady v. Corbin, the Court said in United States v. Dixon:

 We have concluded, however, that Grady [v. Corbin] must be overruled. Unlike
Blockburger analysis, whose definition of what prevents two crimes from being
the "same offence," U.S. Const., Amdt. 5, has deep historical roots and has been
accepted in numerous precedents of this Court, Grady lacks constitutional roots.
The "same-conduct" rule it announced is wholly inconsistent with earlier Supreme
Court precedent and with the clear common-law understanding of double jeopardy. (13)


The Dixon Court said that "Grady was not only wrong in principle; it has already proved unstable
in application." (14) It reached "the conclusion that Grady is a continuing source of confusion and
must be overruled." (15)

 To the dissenters' argument that the Blockburger analysis was acceptable to decide when
the Double Jeopardy Clause prohibited successive punishment but not acceptable to decide when
the Clause prohibited successive prosecution, the Court replied that "there is no authority, except
Grady, for the proposition that it has different meanings in the two contexts. That is perhaps
because it is embarrassing to assert that the single term 'same offence' (the words of the Fifth
Amendment at issue here) has two different meanings -- that what is the same offense is yet not
the same offense." (16)

 The courts of Texas are bound to follow the Supreme Court's rule that Fifth Amendment
jeopardy questions must be resolved by application of the Blockburger test, which compares
elements of offenses -- not conduct.

 This brings us to another statement in the Court of Appeals' opinion that was not correct
-- that the "appellant had already been convicted for conduct that was a necessary element of the
offense for which he was later charged and subsequently convicted." A comparison of the
elements of the offenses demonstrates the error.

 The resisting arrest offense of which the appellant had first been convicted required proof
that:

 1. A person


 2. intentionally


 3. prevented or obstructed a peace officer from effecting an arrest,


 4. knowing the person was a peace officer,


 5. by using force against the peace officer or another. (17)


 The conviction for the assault offense that is being appealed required proof that:


 1. A person


 2. intentionally, knowingly, or recklessly


 3. caused bodily injury to another


 4. who the person knew was a public servant


 5. (a) while the public servant was lawfully discharging an official duty, or 

 (b) in retaliation or on account of an exercise of official power or performance
of an official duty as a public servant. (18)


 The offense of assault required proof of at least one fact that the offense of resisting arrest
did not: that the appellant caused bodily injury. The offense of resisting arrest required proof of a
fact that the offense of assault did not: that the appellant prevented or obstructed a peace officer
from effecting an arrest.

 By the Blockburger rule, the offenses were not the same. There was no violation of the
Double Jeopardy Clause.

 The Court of Appeals' opinion also contained a factual mistake. It said that the evidence
of force in the resisting arrest prosecution was the same as that in the assault prosecution. The
force that was alleged in the resisting arrest case was "pulling away," while that in the assault
was "striking." We mention this point, not because it affects the double jeopardy analysis, but
because it might affect other issues that the Court of Appeals will address on remand.

 We reverse the judgment of the Court of Appeals and remand the case to that court for the
consideration of the appellant's other points of error.


En banc.

Delivered September 14, 2005.

Publish.
1. Ortega v. State, 131 S.W.3d 698, 701-02 (Tex. App. -- Corpus Christi-Edinburg 2004).
2. Id., at 700.
3. Id., at 702-03 (footnote and citation omitted).
4. Pet. at 3.
5. Id., at 9.
6. Id., at 10.
7. 495 U.S. 508 (1990).
8. Id., at 511-14.
9. 447 U.S. 410 (1980).
10. Corbin, 495 U.S., at 515.
11. Id., at 521 (footnotes omitted).
12. Id., at 523.
13. 509 U.S. 688, 704 (1993).
14. Id., at 709. 
15. Id., at 710.
16. Id., at 704.
17. See Tex. Penal Code § 38.03(a).
18. See id., § 22.01(a)(1) & (b)(1).